IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LEE TOMMIE AMERSON                                                                                    PLAINTIFF

V.                                                                                   CIVIL ACTION NO. 4:23-CV-00132-RP

CAPT. ROBERT DUDLEY, et al.                                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## DISMISSING DEFENDANT BERKEDIUS WOMACK

This matter comes before the Court on the *pro se* prisoner complaint of Lee Tommie Amerson, who challenges the conditions of his confinement under 42 U.S.C.§ 1983. On January 12, 2024, the Court entered an Order directing Amerson to show cause why his claim(s) against Defendant Berkedius Womack should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. # 41. Amerson filed his response to the show cause order on January 29, 2024, largely reiterating the allegations and claims from his complaint and related filings. *See* Doc. # 44. Apart from these repeated factual allegations, Amerson advances various legal conclusions and quotations of, and citations to, authority without substantive support, most of which is from state courts. Upon due consideration, the Court finds Amerson's arguments unavailing; he has not shown cause, and, for the reasons set forth below, the Court finds hat Amerson's claim(s) against Defendant Berkedius Womack should be dismissed.

## Plaintiff's Allegations

Amerson complains about conditions of his confinement while housed at the Mississippi State Penitentiary located in Parchman, Mississippi. In particular, Amerson asserts that numerous Mississippi Department of Corrections ("MDOC") employees conspired against him in falsely accusing him of misconduct resulting in institutional punishment and also in allegedly encouraging

or facilitating threats and assaults against him by other inmates. Amerson further contends that many of these actions were taken in retaliation for his complaints about various employees.

As it pertains to this particular order, Amerson names former MDOC employee Berkedius Womack as a defendant in this action. According to Amerson, Womack signed a Rule Violation Report ("RVR") in which he accused Amerson of "possession of a sharpen[ed] instrument major contraband." Amerson asserts that the RVR accused him of chasing and stabbing a fellow inmate with a homemade ice pick. Amerson avers, however, that Womack did not find any such weapon, that the inmate did not seek medical attention, and that there was no video footage showing him actually stabbing a fellow inmate. According to the documents submitted by Amerson, he received a 180-day loss of canteen and visitation privileges as punishment.

## Discussion

Amerson seemingly alleges that his due process rights were violated when Womack falsely accused him of assaulting a fellow inmate with a homemade icepick. To maintain a procedural due process claim, Amerson must show that the RVR at issue either: (1) affected or "will inevitably affect the duration of his sentence;" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 545 U.S. 472, 484, 487 (1995). The only consequence of the RVR identified in Amerson's pleadings (and attachments thereto) show that he was merely deprived of his canteen and visitation privileges for a period of approximately six months. *See* Doc. # 33 at 44. Though not shown in any documents attached, Amerson additionally complains that this RVR (along with other RVRs in which Defendant Womack had no involvement) caused him to be held in "close custody" which, he alleges, impacts when he will be released from prison.

The deprivation of canteen and visitation privileges certainly does not affect the duration of Amerson's sentence, nor does it constitute an atypical or significant hardship. *See Watkins v. Lnu*, 547 F. App'x 409, 410 (5th Cir. 2013) (holding three-month loss of commissary, visitation, and telephone privileges did not implicate a liberty interest); *see also Cline v. Vasquez*, 2014 WL 5363885, at *2 (E.D. Tex. Oct. 21, 2014) (holding petitioner's claim concerning disciplinary segregation and the loss of email, phone and visitation privileges for 180 days do not implicate due process concerns); *Frechou v. King*, 2014 WL 172079, at *2 (S.D. Miss. Jan. 15, 2014) (holding plaintiff failed to assert a cognizable constitutional violation by losing prison privileges for 180 days). Moreover, the Supreme Court has held that prison visitation is not an independent right protected by the Due Process Cause. *Ky. Dep't of Corrs. V. Thompson*, 490 U.S. 454, 461 (1989) (rejected on other grounds by *Sandin*, 515 U.S. at 482). The Fifth Circuit Court of Appeals likewise has held that prisoners do not have a liberty interest in visitation. *E.g., Watkins*, 547 F. App'x at 410.

As to Amerson's allegation regarding a change of custody status, inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to 103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted).

In sum, the punishment for the allegedly false RVR written by Defendant Womack does not indicate the presence of a protectable liberty or property interest, and, consequently, Amerson fails to allege a cognizable due process claim against Womack. Thus, Amerson's claim(s) against Defendant Womack should be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

Based on the foregoing discussion, the Court finds that Amerson's allegations against Defendant Womack fail to state a claim upon which relief can be granted. According, Defendant Berkedius Womack is hereby **DISMISSED with prejudice** from this action.

**SO ORDERED**, this the 30th day of January, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE